IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**MELISSA S.**[1]

               Plaintiff,

    v.

**COMMISSIONER OF SOCIAL SECURITY
ADMINISTRATION,**

               Defendant.

Civ. No. 3:22-cv-01895-CL

**OPINION AND ORDER**

MARK D. CLARKE, Magistrate Judge.

Plaintiff Melissa S. ("Plaintiff") seeks judicial review of the final decision of the Commissioner of the Social Security Administration denying her claim for supplemental security income benefits and disability insurance benefits. Full consent to magistrate jurisdiction was entered on December 7, 2022 (Dkt. #3). Because the Commissioner's decision is based on proper legal standards and supported by substantial evidence, the Commissioner's decision is AFFIRMED.

## BACKGROUND

Plaintiff is a 47-year-old woman who alleges she is unable to work due to the effects of PTSD and anxiety. Tr. 327-33. On March 12, 2019, Plaintiff protectively filed an application for supplemental security income alleging disability beginning December 21, 2016. Tr. 272-81. The claim was initially denied on August 1, 2019, and upon reconsideration on June 9, 2020. Tr.

---

[1] In the interest of privacy, this Opinion and Order uses only the first name and the initial of the last name of the non-governmental party or parties in this case.

1 - Opinion and Order

176-78, 182-85. Plaintiff requested a hearing before an ALJ on July 28, 2020. Tr. 186. Plaintiff

appeared by phone and testified at a hearing held on July 8, 2021. Tr. 46. She was represented

at the hearing by an attorney. *Id.* The ALJ found Plaintiff not disabled on August 16, 2021. Tr.

35. The Appeals Council denied review, making the ALJ's decision the final agency decision.

Tr. 1. This appeal followed.

## DISABILITY ANALYSIS

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity

by reason of any medically determinable physical or mental impairment which . . . has lasted or

can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C.

§ 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for

determining whether an applicant is disabled within the meaning of the Social Security Act."

*Keyser v. Comm'r. Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011). Each step is potentially

dispositive. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The five-step sequential process asks

the following series of questions:

1.  Is the claimant performing "substantial gainful activity"? 20 C.F.R.
    §§ 404.1520(a)(4)(i); 416.920(a)(4)(i). This activity is work involving
    significant mental or physical duties done or intended to be done for pay or
    profit. 20 C.F.R. §§ 404.1510; 416.910. If the claimant is performing such
    work, she is not disabled within the meaning of the Act. 20 C.F.R.
    §§ 404.1520(a)(4)(i); 416.920(a)(4)(i). If the claimant is not performing
    substantial gainful activity, the analysis proceeds to step two.

2.  Is the claimant's impairment "severe" under the Commissioner's
    regulations? 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). Unless
    expected to result in death, an impairment is "severe" if it significantly
    limits the claimant's physical or mental ability to do basic work activities.
    20 C.F.R. §§ 404.1521(a); 416.921(a). This impairment must have lasted or
    must be expected to last for a continuous period of at least 12 months. 20
    C.F.R. §§ 404.1509; 416.909. If the claimant does not have a severe
    impairment, the analysis ends. 20 C.F.R. §§ 404.1520(a)(4)(ii);

416.920(a)(4)(ii). If the claimant has a severe impairment, the analysis proceeds to step three.

3.   Does the claimant's severe impairment "meet or equal" one or more of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, then the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii); 416.920(a)(4)(iii). If the impairment does not meet or equal one or more of the listed impairments, the analysis proceeds to the "residual functional capacity" ("RFC") assessment.

   a.   The ALJ must evaluate medical and other relevant evidence to assess and determine the claimant's RFC. This is an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations imposed by his or her impairments. 20 C.F.R. §§ 404.1520(e); 404.1545(b)-(c); 416.920(e); 416.945(b)-(c). After the ALJ determines the claimant's RFC, the analysis proceeds to step four.

4.   Can the claimant perform his or her "past relevant work" with this RFC assessment? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv). If the claimant cannot perform his or her past relevant work, the analysis proceeds to step five.

5.   Considering the claimant's RFC and age, education, and work experience, is the claimant able to make an adjustment to other work that exists in significant numbers in the national economy? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v); 404.1560(c); 416.960(c). If the claimant cannot perform such work, he or she is disabled.

*See also Bustamante v. Massanari,* 262 F.3d 949, 954-55 (9th Cir. 2001).

The claimant bears the burden of proof at steps one through four. *Id.* at 954. The Commissioner bears the burden of proof at step five. *Id.* at 953-54. At step five, the Commissioner must show that the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Tackett v. Apfel,* 180 F.3d 1094, 1100 (9th Cir. 1999) (internal citations omitted); *see also* 20 C.F.R. §§ 404.1566; 416.966 (describing "work

which exists in the national economy"). If the Commissioner fails to meet this burden, the

claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v). If, however, the

Commissioner proves that the claimant is able to perform other work existing in significant

numbers in the national economy, the claimant is not disabled. *Bustamante*, 262 F.3d at 954-55;

*Tackett*, 180 F.3d at 1099.

## THE ALJ'S FINDINGS

Applying the above analysis, the ALJ made the following findings:

1. Plaintiff has not engaged in substantial gainful activity since December 21, 2016, the alleged onset date. Tr. 19.

2. Plaintiff has the following severe impairments: cervical and lumbar spine degenerative disc disease, asthma, anxiety, posttraumatic stress disorder (PTSD), and alcohol abuse. *Id.*

3. Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. Tr. 23.

4. Plaintiff has the residual functional capacity to perform a range of light work as defined in 20 CFR 404.1567(b) and 416.967(b) except that she can never crawl or climb ladders, ropes, or scaffolds. She can tolerate occasional exposure to extreme cold and vibration. She can tolerate occasional exposure to atmospheric conditions or pulmonary irritants such as fumes, odors, dust, gases, and poor ventilation. She can tolerate no exposure to hazards such as unprotected heights or moving mechanical machinery. She can understand, remember, and carry out simple, routine tasks in a routine work setting involving no more than occasional workplace changes. She can never perform rapid pace assembly line work. She can tolerate occasional superficial interaction with the general public. She can tolerate occasional interaction with coworkers but not in a cooperative or team effort. Tr. 25.

5. The Plaintiff is unable to perform any past relevant work. Tr. 33.

6. Plaintiff was born on June 7, 1976, and was 40 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date. Tr. 34.

7. Plaintiff has at least a high school education. *Id.*

8. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the Plaintiff is "not disabled," whether or not the Plaintiff has transferrable job skills. *Id.*

9. Considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, including marker, small products assembler II, and electrical accessories assembler. *Id.*

10. Plaintiff has not been under a disability, as defined in the Social Security Act, from December 21, 2016, through the date of this decision. Tr. 35.

## STANDARD OF REVIEW

The reviewing court must affirm the Commissioner's decision if it is based on the proper legal standards and the legal findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *see also Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). "'Substantial evidence' means 'more than a mere scintilla but less than a preponderance,' or more clearly stated, 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). In reviewing the Commissioner's alleged errors, this Court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusions." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is rational. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

If the decision of the Appeals Council is the final decision of the Commissioner, this Court must review the decision of the Appeals Council to determine whether that decision is supported by substantial evidence. *Howard v. Heckler*, 782 F.2d 1484 (9th Cir. 1986). Where the evidence before the ALJ or Appeals Council is subject to more than one rational

interpretation, the Commissioner's conclusion must be upheld. *Batson*, 359 F.3d at 1198 (citing

*Andrews*, 53 F.3d at 1041). "However, a reviewing court must consider the entire record as a

whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'"

*Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quoting *Hammock*, 879 F.2d at

501). Additionally, a reviewing court "cannot affirm the [Commissioner's] decision on a ground

that the [Administration] did not invoke in making its decision." *Stout v. Comm'r Soc. Sec.*

*Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006) (citations omitted). Finally, a court may not reverse

the Commissioner's decision on account of an error that is harmless. *Id.* at 1055-56. "[T]he

burden of showing that an error is harmful normally falls upon the party attacking the agency's

determination." *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009).

Even where findings are supported by substantial evidence, "the decision should be set

aside if the proper legal standards were not applied in weighing the evidence and making the

decision." *Flake v. Gardner*, 399 F.2d 532, 540 (9th Cir. 1968). Under sentence four of 42

U.S.C. § 405(g), the reviewing court has the power to enter, upon the pleadings and transcript

record, a judgment affirming, modifying, or reversing the decision of the Commissioner, with or

without remanding the case for a rehearing.

## DISCUSSION

Plaintiff presents the following issue for review:

1. Whether the ALJ properly evaluated the medical opinion evidence of Whitney Sherer,
   LPC.

For the following reasons, the Court finds that the ALJ properly evaluated the medical opinion

evidence of Ms. Sherer as it relates to Plaintiff's mental health impairments. The decision of the

Commissioner is AFFIRMED.

I.   **The ALJ did not err in forming Plaintiff's RFC after evaluating Whitney Sherer's medical opinion evidence.**

Under prior Social Security regulations, a hierarchy of medical opinions dictated the weight that must be given by an ALJ: treating doctors were generally given the most weight and non-examining doctors were generally given the least weight. *See* 20 C.F.R. §§ 404.1527, 416.927 (1991); 56 Fed. Reg. 36,932 (Aug. 1, 1991). For applications filed on or after March 27, 2017, the new regulations eliminate the old hierarchy of medical opinions. 20 C.F.R. §§ 404.1520c(a), 416.920c(a) (2017). Plaintiff filed an application for disability insurance benefits on March 12, 2019. Thus, the Commissioner's new regulations apply to the ALJ's assessment of this opinion. *See* 20 C.F.R. § 404.1520c; 82 Fed. Reg. 5844 (Jan. 18, 2017); *see also* 82 Fed. Reg. 15,132 (Mar. 27, 2017) (correcting technical errors).

The new rules no longer provide for any inherent weight: "We [the SSA] will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s) including those from your medical sources." 20 C.F.R. §§ 404.1520c(a), 416.920c(a). The SSA "considers" various medical opinions for claims filed on or after March 27, 2017, and determines which medical opinions are most persuasive. 20 C.F.R. §§ 404.1520c(a), 416.920c(a). In evaluating which opinions are most persuasive, the ALJ considers several factors. The two most important factors are supportability & consistency. *Id.* Secondary factors include the relationship with the claimant, specialization, and other factors. *Id.* at 404.1520c(c), 416.920c(c).

Plaintiff contends that the ALJ did not properly consider the factors of supportability and consistency in evaluating the opinions of LPC Sherer. Plaintiff is incorrect, and the ALJ did not commit a harmful error. Regarding the aforementioned factors of supportability and consistency, the definitions are as follows:

**Supportability:** the "more relevant the objective medical evidence and supporting explanations presented by a medical source," the more persuasive that medical opinion will be. 20 C.F.R. § 404.1520c(c)(1).

**Consistency:** the "more consistent a medical opinion" is with "the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion" will be. 20 C.F.R. § 404.1520c(c)(2).

The ALJ stated that LPC Sherer's June 2021 medical opinion was "not persuasive," and that it was not "supported by the medical evidence of record." Tr. 33. The objective record supports both conclusions. Plaintiff's position that "the ALJ flatly ignored his obligation to conduct the supportability factor analysis as required," is mischaracterized. Pl.'s Br. #11 at 8. The ALJ stated LPC Sherer's opinions are "inconsistent with the claimant's mental treatment history and presentation through the record . . ." Tr. 33. The Court agrees with this assessment, as there are several treatment notes throughout the record where Plaintiff's anxiety has improved using healthy coping mechanisms that LPC Sherer provided to Plaintiff in therapy. *See* Tr. 2279, 2284, 2296, 2309, 2315, 2321, 2923, 2938.

The ALJ's inquiry when assessing the factor of supportability is to find objective medical evidence[2] and supporting explanations by a medical source. There is no objective medical evidence to support LPC Sherer's findings other than Plaintiff's own subjective testimony. Moreover, there is not a supporting explanation by another medical source regarding any signs or laboratory findings surrounding her self-reported mental health impairments.[3] Plaintiff herself also acknowledges this by stating ". . .no other medical professional of record determined that

---

[2] Objective medical evidence is evidence obtained from the application of medically acceptable clinical and laboratory diagnostic techniques, such as evidence of reduced joint motion, muscle spasm, sensory deficit or motor disruption. 20 C.F.R. § 404.1529(c)(2). Objective medical evidence means signs, laboratory findings, or both. 20 C.F.R. §§ 404.1502(f), 416.902(f).

[3] Psychiatric signs are medically demonstrable phenomena that indicate specific psychological abnormalities, e.g., abnormalities of behavior, mood, thought, memory, orientation, development, or perception, and must also be shown by observable facts that can be medically described and evaluated. 20 C.F.R. §§ 404.1502(g), 416.902(l).

Plaintiff's PTSD and anxiety were severe impairments and caused significant work limitations.
In fact, the only physicians who evaluated [Plaintiff's] mental impairments were the agency
physicians . . . and opined that Plaintiff's mental impairments were not severe." Pl.'s Br. #11 at
9. However, the ALJ "will not reject [Plaintiff's] statements about the intensity and persistence
of [their] pain or other symptoms or about the effect [their] symptoms have on [their] ability to
work solely because the available objective medical evidence does not substantiate [their]
statements." 20 C.F.R. § 404.1529(c)(2). In turn, what the ALJ will do and what the ALJ did in
this case was consider Plaintiff's activities of daily living and treatment plan, among other
factors according to 20 C.F.R. § 404.1529(c)(3)(i-vii). Here, the ALJ stated "Ms. Sherer's
opinions . . . are inconsistent with the [Plaintiff's] own report of being independent with
activities of daily living, functional mobility, self-care and household management." Tr. 33. In
fact, though Plaintiff claims she cannot work any longer due to her anxiety and PTSD, the record
shows several instances of Plaintiff's ability to walk extended distances, go fishing, camping,
swimming, go on weekend trips with her boyfriend, journal, declutter, and has made positive
progress in identifying triggers to her distress and effectively using coping skills. Tr. 331, 2296,
2309, 2321, 2398, 2558, 2950. Overall, the ALJ considered Plaintiff's mental health
impairments and discussed them over 4 pages worth of text in his opinion and found "the
[Plaintiff's] statements concerning the intensity, persistence and limiting effects of these
symptoms are not entirely consistent with the medical evidence . . ." *See* Tr. 24, 26, 29-31.
Moreover, Plaintiff's contention that the ALJ failed to provide a discussion to demonstrate how
the evidence supported his RFC determination regarding her mental health capacities is without
merit. *Id.*

Plaintiff also contends the ALJ erred in his consistency factor evaluation. Pl.'s Br. #11 at 10. Plaintiff stated the ALJ rejected LPC Sherer because of other medical evidence and Plaintiff's daily activities, which were all "relevant to the consistency factor but they accounted for only part of the probative evidence regarding the consistency factor." Pl.'s Br. #11 at 10. Plaintiff then argues that the ALJ should fully credit her testimony for the consistency factor evaluation by using an example of the ALJ rejecting agency physician opinions, in part, because they failed to consider her subjective allegations. *Id.* This, however, is not the proper inquiry for an ALJ. Though the ALJ does not fully ignore a Plaintiff's subjective symptom testimony absent objective medical evidence as previously stated, when evaluating consistency, the most persuasive medical opinions are consistent with other medical opinions (and prior administrative findings) of record. 20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(2). Here, there are no other medical opinions that mirror or resemble the claims of LPC Sherer. Therefore, the ALJ properly evaluated and found inconsistencies between Plaintiff's allegations of mental conditions preventing her from working and findings in the medical evidence of record as discussed above. Tr. 29. Moreover, so long as the ALJ's findings represent a reasonable interpretation of the evidence, the Court must uphold them. "[I]f evidence exists to support more than one rational interpretation, we must defer to the Commissioner's decision[.]" *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1193 (9th Cir. 2004). The Court finds no conflict here to resolve. The ALJ's decision is affirmed.

## ORDER

The ALJ's decision is supported by substantial evidence and, to the extent the ALJ erred, the error was harmless.  The Commissioner's final decision is therefore AFFIRMED.

It is so ORDERED and DATED this 19th day of October, 2023.

MARK D. CLARKE
United States Magistrate Judge

11 - Opinion and Order